UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALD COLLURA and RACHEL COLLURA,

Plaintiffs,

-against-

COUNTY OF NASSAU, CHARLES DECARO, SHAWN GRAND, and
HARRY MOY,

Defendants.

Docket No.: 2:14-cv-6458

# Complaint
### and
# Jury Demand

Plaintiffs RONALD COLLURA and RACHEL COLLURA, by and through their attorneys at GIANFORTUNE & MIONIS, P.C., complaining of the Defendants COUNTY OF NASSAU, CHARLES DECARO, SHAWN GRAND, and HARRY MOY, respectfully allege upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This action seeks recovery for Defendants' malicious prosecution, unlawful arrest, and unlawful detention of Plaintiff RONALD COLLURA on or about November 18, 2013; Defendants denied Plaintiff his constitutionally protected right to liberty, caused him economic loss, and damage to his reputation by unlawfully arresting him, unlawfully detaining him, and for maliciously prosecuting him.  Plaintiff RACHEL COLLURA seeks recovery for loss of her spouse's services, society and companionship.

## JURISDICTION AND VENUE

2.      This cause of action arises under the Fourth Amendment to the Constitution of the United States as made actionable by Chapter 42 U.S.C. § 1983, with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331, and pendant jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

1

3.      This is an action for damages in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

4.      That prior to the commencement of the instant action, Plaintiffs, in accordance with the laws of the State of New York, served a duly verified Notice of Claim and Intention to Sue Thereon in writing upon Defendant COUNTY OF NASSAU on or about December 3, 2013, and that said Notice was served within ninety days of the respective occurrences herein.

5.      That more than thirty days have elapsed since the presentation of said Notice of Claim and that said Claim remains unadjusted and Defendants have fully refused, failed and neglected to make any adjustments of same.

6.      That the Statutory Hearing required under New York State Municipal Law prior to the commencement of suit was waived on October 23, 2014, by Defendants' attorney, Carnell Foskey, County Attorney of Nassau County, by not proceeding when Plaintiff was ready and willing to give his testimony.

7.      That this action is being commenced within one year of the date of the arrest herein.

THE PLAINTIFFS

8.      That Plaintiff RONALD COLLURA is an adult individual who resides at 10 Oxford Road, East Rockaway, County of Nassau, and State of New York.

9.      That Plaintiff RACHEL is an adult individual who resides at 10 Oxford Road, East Rockaway, County of Nassau, and State of New York.

10.     That at all times pertinent hereto, Plaintiffs RONALD COLLURA and RACHEL COLLURA were lawfully married and resided together as husband and wife.

2

11.    That at all times pertinent hereto, Plaintiffs RONALD COLLURA and RACHEL COLLURA owned and operated a delicatessen known as Arata's Deli, located at 303 Sea Cliff Avenue, Sea Cliff, County of Nassau and State of New York.

<u>THE DEFENDANTS</u>

12.    That Defendant COUNTY OF NASSAU was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

13.    That Defendant CHARLES DECARO is an adult individual currently employed by the County of Nassau as a Detective with the Third Squad of the Nassau County Police Department.

14.    That Defendant SHAWN GRAND is an adult individual currently employed by the County of Nassau as a Sanitation Officer Grade I with the Nassau County Department of Health.

15.    That Defendant HARRY MOY is an adult individual currently employed by the County of Nassau as a Sanitation Officer Grade I with the Nassau County Department of Health.

<u>FACTS COMMON TO ALL CAUSES OF ACTIONS</u>

16.    That on or about the 23rd day of October, 2013, at approximately 4:00 PM, Defendant SHAWN GRAND entered Plaintiffs' delicatessen with an unidentified minor.

17.    That at the aforementioned time and place, Defendant SHAWN GRAND was working for the County of Nassau in an undercover capacity in conjunction with the unidentified minor as part of a sting operation to expose the illegal sale of cigarettes to minors.

18.    That at the aforementioned time and place, Defendant SHAWN GRAND was not wearing a uniform and was not readily identifiable as a municipal employee; he was undercover.

19.    That at the aforementioned time and place, the unidentified minor approached Plaintiff RONALD COLLURA who was working at the counter of the aforementioned delicatessen, and asked to purchase cigarettes.

20.    That at the aforementioned time and place, Plaintiff RONALD COLLURA asked the unidentified minor for identification and proof that he was of legal age to purchase cigarettes; the minor said he was 17 and in sum and substance, said he did not have proof that he was of legal age to purchase cigarettes; Plaintiff RONALD COLLURA refused to sell the unidentified minor cigarettes, concluding any investigation into the illegal sale of cigarettes to minors.

21.    That at the aforementioned time and place, Plaintiff RONALD COLLURA simultaneously observed a suspicious looking individual, unknown to plaintiff at that time but now known as Defendant SEAN GRAND, lurking in the aisles of the delicatessen and acting strangely, namely, not looking at anything to purchase and staring at the delicatessen's cash register area.

22.    That at the aforementioned time and place, Plaintiff RONALD COLLURA believed he was being set up for robbery and feared for his safety and the safety of his wife who was also working in the delicatessen.

23.    That at the aforementioned time and place, Plaintiff RONALD COLLURA called the police and asked for immediate assistance as there was a minor in the store attempting to illegally purchase cigarettes and that there were other individuals in the store.

24.    That at the aforementioned time and place, Plaintiff RONALD COLLURA asked the unidentified suspicious individual to leave the store and asked the minor to wait in the store until the police arrived.

25.     That after the telephone call made to the police by Plaintiff RONALD COLLURA, two police officers from the Nassau County Police Department's Sixth Squad arrived to investigate; no arrest was made and these police officers told Plaintiff he did nothing wrong and did not violate any law.

26.     That at no time prior to the arrival of the police did either Defendant SHAWN GRAND or Defendant HARRY MOY identify themselves as individuals working for the Nassau County Department of Health or state that they were working as part of a sting operation designed to catch those involved in the illegal sale of cigarettes.

27.     That as soon as Plaintiff RONALD COLLURA refused to sell cigarettes to the unidentified minor, the government investigation was necessarily concluded.

28.     That Defendants Shawn Grand and Harry Moy made complaint to Defendant Charles DeCaro, misrepresenting facts including but not limited to the misrepresentation that prior to the police officer's arrival at the delicatessen they had identified themselves as County employees.

29.     That on or about November 18, 2013, Defendant Charles DeCaro unlawfully arrested and detained Plaintiff Ronald Collura, improperly charging Plaintiff with violating New York State Penal Law § 195.05, the crime of Obstructing Governmental Administration in the Second Degree, a Class A Misdemeanor, and said arrest and detention was made with entire lack of probable cause, with malice, and resulted in special injury.

30.     That at no time did Plaintiff intentionally obstruct, impair or pervert the administration of law or of a governmental function or prevent or attempt to prevent a public servant from performing an official function by means of intimidation, physical force or interference or by means of any independently unlawful act; in fact just the opposite occurred,

Plaintiff refused to sell cigarettes to a minor during the sting operation and then called the police to report the attempted purchase by said minor.

31.     That on or about the 18th day of November, 2013, Plaintiff was made aware he was under arrest and voluntarily surrendered himself to Defendant Charles DeCaro, who despite the voluntary surrender, still unlawfully detained Plaintiff for over five hours.

32.     That as a result of these improper charges, Plaintiff was forced to retain defense counsel at a cost of over $15,000.00.

33.     That on April 7, 2014, before The Honorable William O'Brien, District Court Judge, District Court for the State of New York, the entirety of the charge was dismissed in favor of Plaintiff.

34.     That as a result of the false arrest and unlawful detention, Plaintiff has suffered damage to his reputation and business.

35.     That at all times material hereto, the corporeal defendants: (1) were employed by COUNTY OF NASSAU as law enforcement officers; (2) were agents, servants,  and/or employees of said municipality; (3) were acting under the color of state law; and, (4) were acting in their official capacity as law enforcement officers.

36.     That at all times material hereto, the COUNTY OF NASSAU, directly and by and through its agents, servants, and employees, had a nondelegable duty to properly train, supervise, and discipline the aforementioned corporeal defendants.

37.     That all claims made herein arise in whole or in part, due to and because of the County of Nassau's failure to properly train, supervise, and discipline the aforementioned corporeal defendants.

38.     That on or about the November 18, 2013, Defendants and/or each of them, unlawfully arrested and detained Plaintiff, and/or caused Plaintiff to be arrested and detained, without a warrant, without probable cause to believe Plaintiff had committed or was committing a crime, and without sufficient basis in law and fact, all in violation of Plaintiff's Fourth Amendment right to liberty.

AS AND FOR A CAUSE OF ACTION FOR A CONSTITUTIONAL VIOLATION

39.     Plaintiffs herein repeat, reiterate, and reallege each and every previously stated allegation of this Complaint, inclusive, with the same force and effect as if each and every preceding allegation was more fully and completely set forth at length herein.

40.     That the aforementioned arrest and detention constituted an unlawful deprivation of Plaintiff's civil rights, in particular his Fourth Amendment guarantee of liberty.

41.     That the aforementioned arrest was made without a warrant and without probable cause to believe that the Plaintiff had committed or was committing a crime, namely: (1) when Plaintiff refused to sell cigarettes to the unidentified minor, which was his obligation and duty under the law, all governmental action ceased as the investigation was inherently concluded; and, (2) the officers investigating at the scene concluded Plaintiff had not violated any law.

42.     That as a result of the aforementioned unlawful arrest and detention, Plaintiff sustained deprivation of his liberty, humiliation, emotional distress, violation of his constitutional rights, harassment, and substantial financial harm including the cost of attorney's fees for his defense of the false charge.

43.     That as a result of the foregoing, Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have

7

jurisdiction and bring this suit in part so that occurrences such as this do not befall their fellow citizens.

44.     Plaintiffs demand judgment for damages, punitive damages, attorney's fees, costs, and any other relief the Court deems just and proper against Defendants.

<u>AS AND FOR A CAUSE OF ACTION IN MALICIOUS PROSECUTION</u>

45.     Plaintiffs herein repeat, reiterate, and reallege each and every previously stated allegation of this Complaint, inclusive, with the same force and effect as if each and every preceding allegation was more fully and completely set forth at length herein.

46.     That this cause of action sounds in common law and as a result of violations of New York's Civil Rights Law § 70, entitled Vexatious suits.

47.     That all charges brought as a result of the foregoing were dismissed in favor of Plaintiff.

48.     That Defendants Shawn Grand and Harry Moy played an active role in bringing in prosecuting the false charges against Plaintiff, namely, by insisting Plaintiff be arrested and by providing false information to the arresting officer.

49.     That Defendants did not have probable cause or reasonable grounds to support the allegations of a violation of New York Penal Law § 195.05, namely, when Plaintiff refused to sell cigarettes to the unidentified minor, which was his obligation and duty under the law, all governmental action ceased as the investigation was inherently concluded.

50.     That Defendants initiated and continued the underlying criminal case against Plaintiff with an improper purpose, namely, to harass and badger Plaintiff.

51.     That as a result of the aforementioned malicious prosecution, Plaintiff was unlawfully arrested and detained, sustained deprivation of his liberty, humiliation, emotional

distress, violation of his constitutional rights, harassment, and substantial financial harm including the cost of attorney's fees for his defense of the false charge.

52.     That as a result of the foregoing, Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, and demands judgment for damages, punitive damages, attorney's fees, costs, and any other relief the Court deems just and proper against Defendants.

53.     That the Defendant COUNTY OF NASSAU is liable to Plaintiff under the doctrine of *respondeat superior*.

54.     That Plaintiffs herein demand to become compensated for each and every item of damage sustained as hereinbefore set forth in an amount to be determined by this Court and bring this suit in part so that occurrences such as this do not befall their fellow citizens.

55.     That as a result of the foregoing, Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### A SEPARATE CAUSE OF ACTION FOR LOSS OF SERVICES AND CONSORTIUM

56.     Plaintiffs herein repeat, reiterate, and reallege each and every previously stated allegation of this Complaint, inclusive, with the same force and effect as if each and every preceding allegation was more fully and completely set forth at length herein.

57.     That at all times herein mentioned, Plaintiff RACHEL COLLURA was and still is the lawful spouse of Plaintiff RONALD COLLURA, with who at all times hereinbefore mentioned, she resided and still resides.

58.     That as a result of the foregoing, this Plaintiff suffered the loss of the services, society and companionship of her spouse; was and will be required to pay therefor; has been

compelled to an has necessarily expended sums of money and incurred expenses, and was otherwise injured and damaged.

59.     That this Plaintiff herein demands to become compensated for each and every item of damage sustained as hereinbefore set forth in an amount to be determined by this Court and brings this suit in part so that occurrences such as this do not befall her fellow citizens.

60.     By reason of the foregoing, Plaintiffs have been damaged in a sum which exceeds the jurisdiction of all courts that would otherwise have jurisdiction.

(The remainder of this page is intentionally blank.)

D<small>EMAND FOR A</small> J<small>URY</small> T<small>RIAL</small>

61.     Plaintiffs demand trial by jury of all issues triable as of right by jury.

*W*HEREFORE, Plaintiffs demand judgment against Defendants and respectfully request that this Honorable Court:

a.  Award compensatory damages against Defendants, and each of them, jointly and severally, in an amount not to exceed O<small>NE</small> M<small>ILLION</small> ($1,000,000.00) D<small>OLLARS</small> on each Cause of Action;

b.  Award punitive damages against Defendants in an amount not to exceed O<small>NE</small> M<small>ILLION</small> ($1,000,000.00) D<small>OLLARS</small>;

c.  Award costs of this action, including attorney's fees to Plaintiff; and,

d.  Award such other and further relief as this Court may deem appropriate and just.

Dated:  Mineola, New York
        October 30, 2014

Yours, etc.

G<small>IANFORTUNE</small> & M<small>IONIS</small>, P.C.
*Attorneys for Plaintiffs*
231 Mineola Boulevard
Mineola, N.Y. 11501
(516) 281-8550
File No.: 3647

By:

_____
John P. Gianfortune, Esq. (JPG4762)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALD COLLURA and RACHEL COLLURA,

                    Plaintiffs,

                                                    Docket No.: 2:14-cv-6458

          -against-

                                                    Verification

COUNTY OF NASSAU, CHARLES DECARO, SHAWN GRAND, and
HARRY MOY,

                    Defendants.

STATE OF NEW YORK    )
COUNTY OF NASSAU     ) ss:

          RONALD COLLURA, being duly sworn, deposes and says;

          1.      That I am a plaintiff in the above action, and as such am fully familiar with the

facts and circumstances set forth herein.

          2.      That I have read the foregoing Complaint and know the contents thereof.

          3.      That the same is true to my own knowledge, except as to the matters therein stated

to be alleged on information and belief, and as to those matters, I believe it to be true.

                                                    _____
                                                    RONALD COLLURA

Sworn to before me this 30th day of
October, 2014

_____
Notary Public

          John P. Gianfortune
     Notary Public State of New York
               02GI4977625
        Qualified in Nassau County
     Commission Expires 2-11-15